BENJ. B. RORKE, Respondent, *v.* SALEM T. RUSSELL, President of the New York Mining Stock Board, Appellant.

(GENERAL TERM, FIRST DISTRICT, NOVEMBER, 1869.)

Where an injunction issued, and was served on the defendant, in an action against the president of an association, and purported to restrain him "as president" of the association, "its officers and members"—*Held*, that the associates, to whom the service was made known, and the summons, complaint and order were read at a meeting of the association, by its officers acting thereat, were amenable for contempt in taking proceedings contrary to the prohibitions of the injunction.

APPEAL by the defendant, from an order at Special Term, whereby he, together with certain other members, seventeen

Rorke v. Russell.

in number, of "the New York Mining Stock Board," were adjudged guilty of contempt, and fined as for disobedience to an order of Mr. Justice Cardozo, which, after requiring the defendant to show cause at Special Term why an injunction should not be granted as prayed in the complaint, ordered "that the said Salem T. Russell, as president of the New York Mining Stock Board, its officers and members, be, and they each of them are hereby enjoined and restrained, from suspending the plaintiff from his rights and privileges as a member of said board, because of" the matters set forth in the complaint.

The order appealed from, had been granted upon affidavits, from which it appeared, that after the order had been duly served upon the defendant personally, with the complaint, &c., while in the board room, he, the board being in session, informed the members present of the service, and thereupon vacated the chair and took no part in the further proceedings of the meeting. It also appeared that the secretary had, during the same session of the board, and after the service upon the defendant, read the summons, complaint and order served, aloud in the hearing of the members present, and that afterward a resolution had been passed by the board, to which the members adjudged in contempt as aforesaid had given their votes, or were present acting as members and made no opposition and did not vote against it, suspending the plaintiff from his membership of the board.

The members adjudged to be in contempt had presented affidavits that they had never been served with the summons, complaint or the order mentioned; but did not deny their presence or assent upon passage of the resolution of suspension.

*T. C. T. Buckley*, for the appellant.

*A. J. Vanderpoel*, for the respondent.

Present—CLERKE, SUTHERLAND and INGRAHAM, JJ.

SUTHERLAND, J.  I question, whether the appeal by the defendant, Russell, enables us regularly to review the order appealed from.  No fine was imposed on the defendant Russell.

But considering his appeal, as sufficient to authorize us to review the order, I am of the opinion, that it should be affirmed.

None of the members or officers of the board, except Russell, the president, and the plaintiff, may have been parties to the action, and that may have been, or may be a good reason, why the injunction should not have issued against the other officers and members of the board, or why it should, or might have been vacated on motion, by or in behalf of such other officers or members, or any, or either of them; but this furnishes no excuse for the willful disregard of the injunction by the members fined, who were in part made parties *to the injunction*, and named in *it*, by the name or designation of "officers and members of the New York Mining Stock Board."

The order should be affirmed with costs.

Order affirmed.